## Commonwealth v. Cochrane et al.

*Elgin E. Weest,* for plaintiff.
*James A. Cochrane,* for defendants.

BRETHERICK, J., October 11, 1950.—In this action in assumpsit, the Commonwealth seeks to impose personal liability upon defendants for the maintenance and support of a feeble minded person, by reason of the alleged failure of defendants to comply with the provisions of section 2 of the Act of June 1, 1915, P. L. 661, as amended. Defendants have filed preliminary objections to the complaint. The preliminary objections must be sustained with leave to plaintiff to file an amended complaint.

By section 2 of the Act of June 1, 1915, P. L. 661, as amended, 71 PS §1782, it is provided:

"Every trustee, committee, guardian or other person, nominated or appointed to take charge of the estate of any insane, feeble minded, or other person who is an

inmate of any state-owned mental hospital or any home, asylum, or other institution wherein said inmate is maintained in part by the Commonwealth, shall, within three months after his appointment, make a true and full report, under oath, to the Department of Revenue, showing the amount and character of said estate, and every year thereafter report to the Department of Revenue what, if any, changes there are in said estate; and every executor or administrator of any deceased inmate of any mental hospital, asylum, home, or institution, who is maintained in part by the Commonwealth of Pennsylvania, as aforesaid, shall, within three months after letters testamentary or of administration have been issued, make a true, full, and complete report, under oath, to the Department of Revenue of the extent and character of such estate. Whenever any fiduciary, or person aforesaid, shall file, in any court, an account of his administration of such property or estate, he shall file a duplicate of such account with the Department of Revenue, and no such account shall be confirmed except upon due proof to the proper court of the filing of such copy with the Department of Revenue. Such fiduciary or person shall also notify the Department of Revenue when, where, and by whom such account will be audited, and there shall be no confirmation of the report of an auditor auditing such account or final adjudication thereof by any court, except after due proof to the proper court of the giving of such notice. Any fiduciary or person aforesaid who shall fail to make any report to the Department of Revenue hereby required shall be personally liable for such amount due the Commonwealth, which amount may be recovered by suit, brought in the name of the Commonwealth, through the Department of Justice, in the same manner as other debts are recoverable."

The complaint avers that Sarah H. Fairlamb died on March 19, 1944, having made a last will and testa-

ment, which was duly probated in this county on April 27, 1944; that under the terms of the will, defendants were designated executors "and duly qualified, and Letters were granted to the said Executors".

Decedent's will provided as follows:

"Item No. 14. Should my sister, Mary F. Cochrane, be deceased at the time of my death, then her share and interest in my estates (sic) is to be divided into three parts, one of said parts to be given to her son, Walter F. Cochrane, one of said parts to be given to her son, James A. Cochrane, Jr., and the remaining part to be given to the said James A. Cochrane, Jr., in Trust and the income therefrom to be used for the benefit and best interest of Henry V. Cochrane, for and during the term of his life, and upon his death, the principal of said part to be divided among and between Walter F. Cochrane and James A. Cochrane, Jr."

Paragraph 4 of the complaint avers that Mary F. Cochrane predeceased Sarah H. Fairlamb, having died on August 11, 1942.

Paragraph 5 of the complaint avers that Henry V. Cochrane, the beneficiary named in item no. 14 of Sarah H. Fairlamb's will, is a patient in the Elwyn Training School, an institution for feeble minded children, which is partly or wholly supported by the Commonwealth of Pennsylvania, Henry V. Cochrane having been admitted on August 7, 1942, and he is still a patient in that institution.

Plaintiff avers that there is due and owing to the Department of Revenue of the Commonwealth of Pennsylvania for the maintenance and support of Henry V. Cochrane, the sum of $13,038.78.

The complaint avers that "according to the records", an inventory was filed in the estate of Sarah H. Fairlamb, showing a sum of $23,489.68.

Paragraph 9 of the complaint in its entirety is as follows: "The Executors of the Estate of Sarah H.

Fairlamb did not file any account in the said Estate until compelled to do so by Order of Court, and have failed completely to comply with the aforesaid Act, and have never notified the Department of Revenue, as required by Law, in the case where a person is an inmate of a mental institution."

Defendants aver in their preliminary objections that they are not persons upon whom personal liability may be imposed within the purview of section 2 of the act of assembly in question, for the reason that "defendants are not persons nominated or appointed to take charge of the estate of Henry V. Cochrane, nor executors or administrators of his estate".

We think defendants' argument is unanswerable. Defendants are, as paragraph 2 of the complaint avers, duly qualified executors under the will of Sarah H. Fairlamb. As such, it is not their business to take charge of the estate of Henry V. Cochrane. An executor is one who is named by the testator to carry out the provisions of a will.

It is not necessary for us to decide at this time whether James A. Cochrane, Jr., as trustee for Henry V. Cochrane under item no. 14 of decedent's will, falls within the purview of the act. The complaint contains no averment that, as such trustee, he failed to comply with the provisions of the act. Nor, indeed, is there any averment that, as such trustee, he ever came into possession of any funds or property to report. For anything that appears in the complaint to the contrary, decedent's estate may have been entirely consumed by debts.

Paragraph 9 of the complaint implies that the executors have filed their account. Whether or not the account has been adjudicated does not appear. If section 2 of the Act of 1915, supra, applies to Cochrane, as trustee, it would appear to be sufficient compliance with the law if the trustee makes a true and full report,

under oath, to the Department of Revenue within three months after the award, if any. The words of the act are, "within three months after his appointment". But, obviously, the trustee can not make a true and full report of the amount and character of the estate until he comes into possession of the estate.

For the reasons above stated, we are of opinion that the complaint fails to set forth a good cause of action. However, it may be that plaintiff can state a case which entitles it to recovery. Accordingly, we shall afford plaintiff an opportunity to file an amended complaint within 30 days after the date of our order in the case.